NO. 07-08-0339-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 13, 2009

______________________________

KEITH A. BARBER, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418,534; HON. CECIL G. PURYEAR, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Keith A. Barber appeals his conviction of possession of a controlled substance (cocaine).  He does so in one issue in which he claims error on the part of the trial court in allowing a Department of Public Safety chemist to testify from a report of another chemist.  We affirm the judgment. 

Whether or not the testimony was admissible, appellant only objected when the State propounded its first question about the report’s content.  Yet, that was not the only question propounded by the State on that subject.  And, when it asked its other questions, appellant raised no complaint.  Nor had he requested and received a running objection after the trial court overruled his first objection or sought to attack the testimony outside the jury’s presence.  Consequently, his complaint was not preserved.  
Ethington v. State
, 819 S.W.2d 854, 859-60 (Tex. Crim. App. 1991).  

Accordingly, appellant’s issue is overruled, and the judgment is affirmed.

Per Curiam

Do not publish. 

    
  

åNøFéêåßÑfor further proceedings.  
See 
Tex. R. App. P. 37.3(a)(2).  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:  

1.   whether appellant desires to prosecute these appeals;

whether appellant is indigent and entitled to appointed counsel; and

3. why appellant is being deprived of reporter’s records.

The trial court shall cause a hearing to be transcribed.  Should it be determined that appellant does want to continue these appeals and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel.  If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel.  Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in  supplemental clerk's records.  The supplemental records of the hearing shall also be included in the appellate records.  Finally, the trial court shall file the supplemental clerk's records and the supplemental reporter's records with the Clerk of this Court by Monday, July 26, 2004.

It is so ordered.

Per Curiam

Do not publish.